# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02423

GREGORY HOEFER,
Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate,
for and on behalf of THE UNIVERSITY OF COLORADO DENVER,
Defendants.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Gregory Hoefer, by and through his attorneys, Miller & Law, PC, for his Complaint and Jury Demand against The Regents Of The University of Colorado, a body corporate, for and on behalf of The University of Colorado Denver (collectively, the "University"), states as follows:

## NATURE OF THE ACTION

This action is brought to redress the University's violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 - 12117. Specifically, the Plaintiff alleges that the University discriminated against him and created a hostile work environment based on his disability, retaliated against Plaintiff for requesting reasonable accommodations related to his disability, and by terminating Plaintiff on the basis of his disability, all in violation of the ADA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343 and Title II of the ADA, 42 U.S.C. § 12133. The unlawful employment practices alleged herein were committed within the jurisdictional boundaries of the United States District Court for the District of Colorado and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## ADMINISTRATIVE PREREQUISTIES

2. Prior to filing this Complaint, Plaintiff complied with all procedural prerequisites for bringing this lawsuit. On September 18, 2018 Plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission.

3. By notice dated May 22, 2019, Plaintiff was issued a Dismissal of Charge and Notice of Right to Sue ("Notice").

4. Plaintiff, who was traveling out of state from the morning of May 22, 2019 until the evening of May 29, 2019, received the Notice on May 29, 2019.

5. As this Complaint has been filed within the ninety (90) days following his receipt of the Notice, Plaintiff has satisfied all procedural prerequisites for suing the University in federal court under 42 U.S.C. §2000e-5(f)(1).

## PARTIES

6. Plaintiff Gregory Hoefer ("Mr. Hoefer") is an individual resident of the state of Colorado with a residential address of 7501 Montview Blvd., Denver, CO 80220.

7. Defendant University of Colorado Denver is a Colorado state institution of higher education established and regulated by Article IX, §§12 and 13 of the Colorado Constitution, as well as by state statutory law, CRS §23-20-101 *et seq*., with a principal place of business located at 1201 Larimer St., Suite 1119, Denver, Colorado 80204.

8. The University of Colorado Denver is supervised by Defendant The Regents of the University of Colorado, a body corporate organized under the Colorado Constitution. The office of the Secretary of the Board of Regents of the University of Colorado is located at 1800 Grant Street, Ste. 800, Denver, Colorado 80203.

9. Upon information and belief, the University employs more than 500 employees in Colorado.

## **GENERAL ALLEGATIONS**

10. Mr. Hoefer suffers from Attention Deficit Hyperactivity Disorder ("ADHD") and Bipolar Disorder, a severe condition that significantly limits his cognitive thinking, concentration, and interaction with others, and presents challenges with dealing with focus, forgetfulness, disorganization, time management, and stress, and he has suffered from ADHD and Bipolar Disorder at all times relevant to this Complaint.

11. Mr. Hoefer is protected by the provisions of the ADA, 42 U.S.C. §§12101–12117.

12. Mr. Hoefer was hired at the University in March 2012.

13. Mr. Hoefer was employed by the University as an International Recruitment and Admissions Coordinator ("IRAC").

14. Part of Mr. Hoefer's responsibilities as an IRAC included conducting meetings with international clients via Skype or other video conference program; Mr. Hoefer often conducted these meetings from his home after typical 8 am to 5 pm work hours.

15. Mr. Hoefer often completed work from his home when he was unable to do so at the office as a direct result of his disability.

16. In February 2016, Mr. Hoefer requested reasonable accommodations related to his ADHD and Bipolar Disorder, including, without limitation, a flexible schedule and the ability to work remotely.

17. In May 2016, the University permitted the following accommodations for Mr. Hoefer's disability: use of a standing desk; ability to use headphones at his desk; positioning of his desk toward the front; use of a "solution room"; scheduling of 1:1 meetings with his supervisor; and attempts to limit meetings and planned interruptions.

18. In May 2016, the University required Mr. Hoefer to arrive to work between 8 am and 8:15 am.

19. In June 2016, the University permitted Mr. Hoefer to arrive to work at 9 am, with the exception of Tuesdays, when Mr. Hoefer was to arrive at 8:30 am.

20. On July 26, 2017, Mr. Hoefer's supervisor informed him that the Provost of the University did not permit flexible schedules.

21. On July 26, 2017, Mr. Hoefer received an email directly from the Provost of the University informing him that flexible schedules were permitted for medical conditions.

22. The University is and has been fully aware at all times relevant to this Complaint that Mr. Hoefer suffers from ADHD and Bipolar Disorder.

23. Upon information and belief, it was the University's very awareness of Mr. Hoefer's condition that played an integral role in the mistreatment that he received.

24. The University terminated Mr. Hoefer's employment in March 2018.

25. During his employment, the University routinely treated Mr. Hoefer in a disparate fashion than employees who were not similarly affected by a mental disorder.

26. Examples of the differential treatment perpetuated by the University to the detriment of Mr. Hoefer, as an individual with a known mental illness, include the following:

   a. Another employee, Clayton H., was permitted to arrive to work late with no consequence, and was further not disciplined for exhibiting a raised voice and being distracted; and

   b. Another employee, Genny P., was not disciplined for raising her voice or for arriving to work late, and was further allowed the opportunity to work remotely; and

   c. Another employee, Mitchell D., was not disciplined for raising his voice at other employees.

27. In contrast, the University denied Mr. Hoefer's reasonable accommodation requests for a flexible schedule allowing for arrival to work later in the morning and/or the opportunity to

work remotely, his tardy arrivals were tallied and the subject of discipline, and he was disciplined for raising his voice.

28. Upon information and belief, no other University employee's arrival times were tracked and the subject of discipline.

29. The disparate disciplinary policies exhibited by the University caused Mr. Hoefer additional stress and led him to believe he was being discriminated against on the basis of his disability and his request for reasonable accommodations.

30. The University continually disregarded Mr. Hoefer's request for reasonable accommodations, refusing to permit him a flexible schedule and/or the opportunity to work remotely.

31. The University retaliated against Mr. Hoefer for requesting reasonable accommodations by subjecting him to discipline for conduct and actions which were not cause for discipline of other employees who did not suffer from a comparable disability.

32. As a direct and proximate result of the University's discrimination, Mr. Hoefer lost his ability to generate an income.

## CLAIMS FOR RELIEF

### First Claim For Relief
### Discrimination in Violation of the Americans With Disabilities Act

33. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

34. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he has ADHD and Bipolar Disorder, the University perceives him to have a disability, he has the requisite qualifications to perform and can perform the essential functions of the job for which he was hired, and he held and desired to continue to hold his job with the University.

5

35. The University is an "employer" within the meaning of 42 U.S.C. §§ 12111(5) in that it is engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, it is also a covered entity within the meaning of 42 U.S.C. § 12111(5).

36. Plaintiff was an employee of the University within the meaning of 42 U.S.C. § 12111(4).

37. The University's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

38. The University is liable for the acts and/or omissions of its agents and employees.

39. Prior to and at the time that the University terminated Plaintiff's employment, Plaintiff was qualified to continue to perform the job for which he had been hired.

40. The University's discriminatory actions included, but were not limited to: (i) deliberately targeting Plaintiff for mistreatment and harassment as a result of his disability, (ii) limiting, segregating, or classifying Plaintiff in a way that adversely affected his opportunities or status because of his disability within the meaning of § 12112(b)(1); (iii) utilizing standards, criteria, or methods of administration that had the effect of discrimination on the basis of disability within the meaning of § 12112(b)(3)(A); (iv) failing to make reasonable accommodations for the known physical limitations of Plaintiff, an otherwise qualified individual employee with a disability, despite the fact that doing so would not have imposed an undue hardship on the operation of the University's business within the meaning of § 12112(b)(5)(A); and/or (v) denying employment opportunities to Plaintiff based on the University's need to make reasonable accommodations for his physical impairments within the meaning of § 12112(b)(5)(A).

41. As a consequence of the University's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

42. Plaintiff has been damaged by the University's violation of the ADA inasmuch as he has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

43. Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 42 U.S.C. § 12205.

44. Plaintiff is further entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## Second Claim For Relief
### Retaliation in Violation of the Americans With Disabilities Act

45. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

46. Plaintiff was subjected to retaliation by the University for engaging in opposition to discrimination and harassment, in violation of 42 U.S.C. §12203(a), including being terminated from his employment for complaining about the discriminatory treatment and harassment to which he was subjected.

47. Plaintiff's protected conduct in opposition to disability-based discrimination and harassment was a motivating factor in the University's retaliatory conduct, including its decision to terminate Plaintiff's employment as well as its decisions to treat Plaintiff in a disparate fashion from one or more similarly-situated coworkers and to engage in further harassment of Plaintiff.

48. The University's unlawful employment practices complained of in the foregoing paragraphs were undertaken intentionally, maliciously, and/or with reckless indifference to Plaintiff's federally protected rights.

49. As a consequence of the University's illegal conduct, Plaintiff suffered, and continues to suffer, irreparable injury and damages.

## Third Claim For Relief
### Disability-Based Harassment/Hostile Work Environment in Violation of Americans With Disabilities Act

50. Plaintiff incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

51. Plaintiff was subjected to harassment and unwelcome conduct by the University that was based on his disability and/or by the University's perception that Plaintiff has a disability.

52. The harassment and unwelcome conduct perpetuated by the University and its agents against Plaintiff was severe or pervasive enough to create a work environment that a reasonable person would consider to be intimidating, hostile and/or abusive.

53. Upon information and belief, said harassment and unwelcome conduct was perpetuated by the University against Plaintiff because of his disability and/or because of the University's perception that Plaintiff has a disability and/or in retaliation for Plaintiff identifying and speaking out against discriminatory and unlawful practices engaged in by the University.

54. The University knew, or should have known, about the harassment and unwelcome conduct and failed to take prompt or appropriate corrective action.

55. As a direct and proximate result of the University's violations of his civil rights as alleged herein, Plaintiff has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits. Plaintiff is reasonably certain to continue to suffer these damages in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the University, and award him the following relief, to the fullest extent allowed by law:

i. Actual monetary damages for all injuries suffered by Plaintiff in an amount to be determined at trial, including but not limited to, damages for lost past and future wages and employment benefits;
ii. Punitive damages on all claims allowed by law and in an amount to be determined at trial;
iii. Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;
iv. Pre- and post-judgment interest at the highest lawful rate; and
v. Any further relief that this court deems just and proper, and any other relief as allowed by law.

## **JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 26th day of August, 2019.

MILLER & LAW, PC

**/s/ David J. Meretta**
David J. Meretta, No. 44409
1900 W. Littleton Blvd.
Littleton, CO 80120
(303) 722-6500
(303) 722-9270 fax
djm@millerandlaw.com

ATTORNEYS FOR PLAINTIFF